UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL DAVID THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>RAS J. BARAKA, *a/k/a*<br>RAS A. BARAKA, *et al.*,<br><br>Defendants. | Civil Action No. 23-04209 (JXN) (JRA)<br><br>**MEMORANDUM & ORDER** |

**NEALS**, District Judge

Presently before the Court are the application to proceed *in forma pauperis* ("IFP Application") and Complaint filed by *pro se* Plaintiff Joel David Thompson ("Plaintiff") against Defendants Ras J. Baraka, Jabril Paul, Thomas Ruane Gerard, John and Carmine Dente, the City of Newark, Jose Vasquez, Dente Brothers Towing, and the State of New Jersey (collectively, "Defendants"). (ECF No. 1.) For the reasons stated below, Plaintiff's Complaint is **DISMISSED without prejudice.**

1.   Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff has not submitted the long-form (AO-239) application to proceed without prepayment of fees required by the District Court to adjudicate his indigent status.[1] The Court will afford Plaintiff the opportunity to either (1) file the

---

[1] Plaintiff filed a blank short form (AO 240) application to proceed without prepayment of fees. (*See* ECF No. 1-6.) However, this Court requires additional information regarding Plaintiff's financial situation to determine whether he is eligible to proceed IFP. *See Patel v. United States*, Civ. No. 21-6553, 2021 WL 3501237 (S.D.N.Y. Aug. 9, 2021).

1

appropriate long form (AO 239) application to proceed in District Court without prepaying fees or costs or (2) pay the filing fee in full.

2.  When a litigant petitions the Court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Here, the allegations in Plaintiff's are difficult to decipher. As best as the Court can glean, Plaintiff alleges that on September 1, 2022, Defendants "Jabril Paul, Jose Vasquez, and Thomas Ruane Gerard, employees for municipal de facto corporation, conspiring with people from DENTE BROTHERS TOWING; CITY OF NEWARK, COUNTY OF ESSEX, STATE OF NEW JERSEY ...[,] for whom Ras J. Baraka, aka Ras A. Baraka, acts as their corporate executive[,]" to unlawfully detained Plaintiff, search and seized his 2005 Chevrolet Equinox LT, and "then issued Tax collection receipts [Traffic tickets] seeking to extort international commercial paper for its return." (ECF No. 1 at 6, 5.) As relief, Plaintiff seeks, *among other things*, "1,000,000,000 (billion) dollars as per 12 U.S.C. 411," (*id.* at 5), "an injunction against all Law enforcement, incorporated and otherwise, to cease and desis[]t from all such unlawful acts to unlawfully rob people[,]" (*id.*), and the return of his vehicle (*id.* at 7).

3.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case *at any time* if the [C]ourt determines that" the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added); *El v. Marino*, 722 F. App'x 262, 266 n.3 (3d Cir. 2018). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim, the Court applies the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal

2

under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "The Court need not, however, credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

4. Here, Plaintiff's Complaint consists of nothing more than conclusory and "unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s]," which are insufficient to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Moreover, the few assertions provided are devoid of any clarity and fail to comply with the most basic requirements of pleading. For instance, other than the assertion of police misconduct, Plaintiff provides nothing linking the actions of Defendants Jabril Paul, Jose Vasquez, and Thomas Ruane Gerard to Defendants Ras A. Baraka, Dente Brothers Towing, the City of Newark, or the State of New Jersey. (*See* generally ECF No. 1.) Plaintiff's allegations also fail to specify which defendant did what, failing to place each named defendant on notice of the claims against each of them. In short, the Complaint consists of improper group pleading. *See, e.g., Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) ("Alleging that 'Defendants' undertook certain illegal acts—without

3

more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom [and] when. Such speculation is anathema to contemporary pleading standards."). Because the Complaint does not comply with Rule 8, this Court will dismiss it without prejudice and allow Plaintiff to amend.

Accordingly, for the reasons stated above,

**IT IS** on this 15th day of August 2023,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-6) is **DENIED WITHOUT PREJUDICE**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint curing the deficiencies identified herein *and* either pay the $402 filing fee or file the appropriate long form (AO 239) application to proceed in District Court without prepaying fees; it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall mark this case as **CLOSED** subject to reopening should Plaintiff file a proposed amended complaint and IFP Application within the time allotted by this Court.

JULIEN XAVIER NEALS
United States District Judge